Wardlaw, Ch.
delivered the opinion of the Court.
These cases relate to the marshalling of the assets of Daniel Thomas, an insolvent debtor, whose property was sold by the sheriffs of Union and York. The cases were first heard by Chancellor Dunkin, at the sitting for Union,, in June, 1849, on exceptions to the commissioner’s report, as to the debts and assets of Thomas.
One of these exceptions is as to the extent of the liability of B. Johnson, sheriff of Union, in the following state of facts.— Thomas and one Stevenson had agreed as to the price of a tract of land belonging to Thomas; and on the sale day in April, 1842, the land was sold by the sheriff, under executions in his office against Thomas, and bought by Stevenson at his bid of $2205. Sheriff Johnson having received $735 from the purchaser, and allowed him to settle for the balance ($1470) *446 with Thomas, the defendant in the executions, conveyed the land to Stevenson. It does not appear that the creditors of Thomas were consulted about this arrangement. At that time, there were in the sheriff’s office two executions ( fi. fas.) against Thomas, open and unsatisfied, both marked “ wait orders,” namely, one of Wm. Dawkins, for about $564 entered October 31, 1840; and one of A. W. Thomson, entered Feby-27, 1841, for about $2823, of which about $485 was for arrears of interest. There were also in the sheriff’s office many executions of an older date against Thomas, standing open, but as these have not been presented. to the commissioner, on the call for creditors, they are presumed to be satisfied. The Chancellor decided that sheriff Johnson was liable for the whole sum of Stevenson’s bid, and that to the extent of this liability, the elder executions were extinguished. This appeal, in behalf of the sheriff, insists that he is not liable beyond the money actually received by him ; and it is urged, that the sale was merely formal to perfect Stevenson’s title ; that no creditor was injured, inasmuch as the elder executions were not pressing for collec • tion, and junior executions were not in existence; and that other property of Thomas remained sufficient to satisfy all the executions against him. The authorities cited by the Chancellor fully sustain the principles of law asserted in the decree; and the facts relied upon do not take this case out of these principles. The sheriff is a ministerial officer, required to execute the judgments of the Courts, by levy, sale, and application of the proceeds according to fixed rules; and he is not to judge what circumstances may justify departures and exceptions from these rules. To allow him to misapply the proceeds of his sales, upon conjectures as to the solvency of defendants in execution, would furnish room for much fraud, to the injury of many persons whose interest in particular cases may not be seen. The rights of the community are best protected by the rigid exaction of duty from public officers. Where the sheriff ventures to constitute an interested party his agent for the disbursement of the funds of his office, he must be responsible for the faithful per *447 formance of the agency. In this case, if Thomas has applied' the amount intrusted to him to the payment of his creditors according to the priority of their liens, the sheriff has the opportunity of proving this fact and exempting himself from responsibility, under the instructions of the Chancellor in re-committing the report, and this' is treating him with much liberality.
A. W. Thomson, one of the judgment creditors of Thomas, appeals from the overruling of his exception to the commissioner’s report — that he was not allowed interest from the day of the sheriff’s sale, on the aggregate of principal and interest due to him on that day. Where creditors have been obstructed in their remedies for satisfaction, by the act of this Court in assuming the administration of the assets of debtors, the Court will generally preserve the proportion of the debts to the assets existing at the time of the obstruction, so as to secure equality among the creditors, and prevent undue profit to some by the delay. In many cases, however, where the funds in the custody of the Court have produced no interest, from a proper sacrifice of productiveness to safety, it may be that none of the creditors shall receive interest. In the case before us, the discussion of this difficult doctrine is unnecessary, after the conclusion we have attained on the appeal of sheriff Johnson. The sum of $1470, applicable in his hands to the payment and extinguishment of the executions according to their priority, is more than sufficient to satisfy the first execution, and to satisfy all the arrears of interest on the second execution, which is that of the appellant. So, that the balance then remaining due to the appellant, is necessarily principal; as the payment must be first applied to the extinguishment of interest. Whether this creditor may be entitled to interest afterwards on this balance from sheriff Johnson or other person, will depend on facts as to which we are uninformed; as whether prompt demand of payment was made, and whether the sheriff, or other custodier of the funds, has made profit upon them, or has mixed them with his private funds. These remarks may be applied to other creditors, and to all the funds now in controversy. The principles-' *448 may be more intelligently and more definitely settled, when we have the further report of the commissioner upon the facts.
On another exception to the commissioner’s report, as to two judgments of Allen DeGraffenreid against Daniel Thomas, the Chancellor directed an issue to be made up in the Court of Common Pleas for Union district, between the junior judgment creditors of .Thomas, as plaintiffs, and the administrator of DeGraf-fenreid, as defendant, to try whether any thing was due on these judgments; and he further directed, that the depositions of the witnesses before the commissioner, whether taken by him, or by commission, should be received in evidence on the trial of the issue at law. This issue was tried at October Term, 1849, of the Court of Common Pleas for Union, when the jury returned a verdict for the plaintiffs in the issue, that nothing was due upon said judgments. At the sitting of this Court for Union, in June, 1850, a motion for a new trial of this issue, on various grounds, was made before Chancellor Daugan, and refused by him, and the same grounds are now presented'to us on appeal.
The first ground is, as to the competency of the witnesses, Satterwhite and Johnson.
The testimony of these witnesses was received by the commissioner, was recognized by the Chancellor, and was ordered by him to be received at law. If there be any error as to their competency, it is the error of this .Court, and not of the law court, which conformed to the request of the Chancellor; and the appeal should have been from the order of the Chancellor, and not from the verdict of the jury. This is not a mere nicety as to practice, but a grave matter of principle, affecting the comity which should prevail between co-ordinate tribunals.
Appeals should be discouraged which are calculated to bring the courts of Law and Equity into collision. Issues to the court of law are directed by this court, for the purpose of informing the conscience of the Chancellors; and if this purpose be achieved, we do not examine the process very narrowly. If, upon a particular issue, we might suppose that the law court was in some error as to the law, we should not grant a new *449 trial of the issue upon this express ground ; for this -would imply the arrogant pretension on our part, that we understood the law better than those to whom is administration was committed by the polity of the State. But we would look to the materiality and importance of the supposed error. If the verdict were, upon the whole, satisfactory, no notice would be taken of minute departures from our notions of principle or procedure. But, if we regarded the supposed mistakes of the court trying the issue, to be so material, that our consciences were not satisfied as to the general result of the trial, while we should not undertake to rectify the rulings of the other court, we might order the parties to try the issue again, and request of the other court that a particular course should be pursued as to the points on which we were dissatisfied. In the case under consideration, there is much testimony leading to the same conclusion besides that of the witnesses to whom objection is made — the result attained by the Jury is in conformity to the opinion of the commissioner who first heard the evidence, and to the opinion of the chancellor on the circuit, to whom the application for new trial was made;— and is satisfactory to this Court.
Moreover, if the questions as to these witnesses were properly before us, by appeal from the order of the Chancellor, we should disallow the applicant’s motion.
Much doubt as to the competency of Satterwhite might have been entertained, if his payment, as surety of the judgment against Thomas and himself, had been made after the passage of the Act of 1849, (11 Stat. 556,) but the payment was antecedent to that Act, and the Act is prospective in its terms. Perhaps, equal doubt as to his competency may arise — putting the statute aside — from the application of the equitable doctrine of subrogating a surety who has paid the debt of his principal to the rights and remedies of the creditor. There is force in the view that Satterwhite has presented no claim against Thomas, under the call upon creditors, but it is not clear that he was precluded from claim at the time of his examination. The appeal as to Satterwhite was abandoned, and properly, for the *450 question as to his competency was not raised in time. The objection was not made before the issuing of the commission to take his testimony, nor urged upon the trial of the issue.
As to Johnson, his competency is clear enough. His liability for the bid of Stevenson does not depend upon the question of satisfaction of DeGraffenreid’s judgments; for if these be removed, those of Dawkins and Thomson remain, more than sufficient to absorb the whole sum of his liability. If liable at all, he is liable at all events; it makes no difference to him whether he is to pay one or the other of these parties.
Other grounds of appeal object to the verdict of the jury, because the answer of DeGraffenreid to a rule in the Common Pleas to show cause why satisfaction should not be entered on his judgments, was not received as evidence on the trial of the issue. It is insisted that such answer to a rule should be treated as an answer to a bill, where the party dies, as here, before putting in answer to the bill, after service of subpoena upon him. It is a conclusive reply to these grounds, that the evidence was not offered before the commissioner, nor to the Judge on the trial of the issue. Again, an answer to a rule is a mere declaration, without cross examination, of an interested party in his own behalf; and is not evidence in any court on the trial of an issue between adverse parlies. If the Court of Common Pleas, on the return of the rule, had directed an issue to the jury as to the satisfaction of these judgments, surely the declaration that he had not been paid, by the plaintiff in execution, although under oath, would not be heard on the trial of the issue. An answer to a rule has little analogy to an answer to a bill. In the former evasion and prevarication are quite practicable; it is more hazardous and difficult to frame untrue responses to the searching interrogatories of a bill.
The same reasoning disposes of the ground, that DeGraf-fenreid by his indemnification of the sheriff, declared his execution to be unsatisfied.
Another ground objects, that the best evidence of the satis *451 faction of the judgments was not produced, because Thomas himself was not examined as a witness by the plaintiff. It is a palpable mistake to suppose that the testimony of Thomas was better evidence, that is, of a higher grade, than that of any other witness who was examined; and the defendant in the issue had all the benefit, in argument on the effect of the evidence, of the presumption against the claim of the plaintiffs arising from their failure to produce this witness. • ■
The other matters of objection to the verdict do not require particular notice.
The remaining ground of appeal is, that the estate of De-Graffenreid should be reimbursed for the costs and expenses of a suit at law, by the children of' Thomas against the sheriff of Union, for selling, as the property of Thomas, certain negroes claimed by these children. It seems that De-Graffenreid indemnified the sheriff in the sale of these ne-groes ; and that the proceeds of sale have increased the assets of the debtor, of which the estate of DeGraffenreid gets no portion. If DeGraffenreid were to be regarded merely as a volunteer in this act of indemnity, it would be difficult to demonstrate that he should be rewarded for the offence of common barfetry. But he is worse than a volunteer. By holding up, as subsisting claims against Thomas, these judgments, which were, in fact, satisfied, he has attempted a fraud on the other creditors, and has stirred up the protracted and expensive litigation in this court. It is quite as reasonable that his estate should be burdened with the whole expenses of litigation in this court, as that it should be reimbursed for his expenses in another- tribunal, quite competent to regulate the incidents of its own judgments. However, directions as to costs are reserved until the amended report of the commissioner be made.
It is ordered and decreed that the appeal be dismissed, and the circuit decrees be affirmed.
Johnston, Dunkin and DaRgan, GO. concurred.

Appeals dismissed.